**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **v.** | ) | **CR. NO. 2:06-cr-173-MHT** |
| **TANESHIA MICHELLE LAWSON** | ) | |

**United States' Motion to Strike Defendant's Diminished Capacity Notice, or in the Alternative in Limine to Prevent Introduction of Psychiatric Testimony**

The United States moves to strike Defendant Taneshia Michelle Lawson's Notice of Diminished Mental Capacity Defense.[1] Lawson filed the Notice on October 19, 2006–less than eleven days before trial and more than two months after this Court's deadline for filing such a Notice. Moreover, Lawson did not even orally mention such a defense was even likely during either her initial appearance, arraignment, or pre-trial hearings. To allow notice of such a defense at this late juncture is not permitted, unjustified, and unfair.

Even if the Notice were somehow timely (which it is not), the testimony which Lawson would like to introduced must be excluded. Evidence of diminished capacity as a general defense is no longer permissible under the Insanity Defense Reform Act. In fact, the only circumstance in which the Eleventh Circuit has permitted such evidence is in exceptionally rare cases; ones in which the evidence establishes that–at the time of the crime charged–a legally sane defendant lacked the specific intent necessary to commit a

[1] Doc. #80.

crime because of some mental disease. Lawson's proffered Psychiatric Report, attached as Exhibit A, however, makes no mention of Lawson's mental state at the time of the offense, identifies no mental disease, and merely notes that she has a lower than average IQ. Lawson is improperly attempting to use this generalized, and thus inherently malleable, psychiatric evidence to distract the jury. As an alternative to striking the Notice therefore, Lawson's expert testimony must be excluded.[2]

A memorandum of law in support of both grounds is attached. Respectfully submitted this 23rd day of October, 2006,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: christopher.a.snyder@usdoj.gov

[2] To the extent that the Court were to disagree and believe that the Notice was timely filed and the evidence is somehow admissible, then the United States would request an continuation of the trial for the reason stated in its concurrently filed Unopposed Conditional Motion to Continue Trial.

**MEMORANDUM OF LAW**

## I. Lawson's Notice Must Be Struck; It Is Over Two Months Late.

Lawson's Notice is untimely. "If a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on . . . the issue of guilt . . . , the defendant must -- within the time provided for filing a pretrial motion or at any later time the court sets -- notify an attorney for the government [and the Court] in writing of this intention."[3] The purpose of this rule is simple: to "give the government time to prepare to meet the issue, which will usually require reliance upon expert testimony."[4]

In the Order on Arraignment in this case, issued almost three months ago, this Court set the deadline for notices under Fed. R. Crim. P. 12.2 for August 16, 2006.[5] Not only did Lawson fail to file her written Notice as required, but Lawson did not even orally mention such a defense was even likely during either her initial appearance and arraignment on July 25, 2006, or her pre-trial hearing on August 21, 2006. Instead,

---

[3] Fed. R. Crim. P. 12.2(b)(1); *see also United States v. Wattleton*, 296 F.3d 1184, 1194 (11th Cir. 2002) (Noting that a "defendant who intends to rely on the insanity defense or present expert testimony relating to a mental disease or defect must file a Rule 12.2 pre-trial notice to that effect.")

[4] *Wattleton*, 296 F.3d at 1194 (citing Fed. R. Crim. P. 12.2 Adv. Com. Notes); *see also* Fed. R. Crim. P. 12.2 Adv. Com. Notes (citing 2 A.B.A. Standards for Criminal Justice 11-55 (2d 1980)) (advance disclosure to the government will serve "to permit adequate pretrial preparation, to prevent surprise at trial, and to avoid the necessity of delays during trial.")

[5] *See* Doc. #12 ("All . . . notices under Fed. R. Crim. P. 12.1, 12.2, and 12.2 . . . must be filed no later than August 16, 2006.").

Lawson filed her required Notice only last Thursday, October 18, 2006, less than a week and a half before trial, and over two months after the deadline.

The United States asks that this Court strike Lawson's untimely Notice and disallow the use of any evidence related to this Notice. Such an approach is expressly contemplated within Rule 12.2,[6] and is appropriate in this case. For no good legal reason, Lawson has waited until the last minute to file her Notice. Because the Government did not even have any oral notice that Lawson would be attempting to use psychiatric evidence at trial until this past Tuesday, it has had no opportunity to prepare for such a defense on this issue, seek its own expert, or even have an expert examine the substance of Lawson's report. The Notice should be struck.

## II. The "Diminished Capacity" Evidence, Even if It Were Timely, Should Be Excluded at Trial.

Even if the Notice were somehow timely (which it is not), the testimony which Lawson would like to introduce[7] must be excluded. Lawson has given a Notice of Intent to Use Diminished Capacity Defense. She has not, however, identified whether she means to introduce diminished capacity as a defense or justification for her behavior or whether she merely intends to introduce it to negate the specific intent of crimes she is

---

[6] See Fed. R. Crim. Pro. 12.2(d)(1)(A) ("The court may exclude any expert evidence from the defendant on the issue of the defendant's mental disease, mental defect, or any other mental condition bearing on the defendant's guilt . . . , if the defendant fails to . . . give notice under Rule 12.2(b).").

[7] See Exhibit A (attached).

charged with. Regardless of the reason, however, neither justify the introduction of this evidence. The first reason is improper; the second is unwarranted.

### A. A Diminished Capacity Defense Is Impermissible.

Lawson's first potential use of psychological testimony–to establish a diminished capacity affirmative defense or excuse–is improper. With the passage of the Insanity Defense Reform Act, Congress eliminated "any form of legal excuse based upon . . . diminished ability or failure to reflect adequately upon the consequences or nature of one's actions."[8] By so doing, "Congress 'intended to insure that the insanity defense is not improperly resurrected in the guise of showing some other affirmative defense such as that the defendant had a 'diminished responsibility' or some similarly assert state of mind which would serve to excuse the offense.'"[9] In sum, Congress, "eliminated all other affirmative defenses or excuses based upon mental disease or defect"[10] other than insanity. Thus, Lawson may not proffer expert testimony on diminished capacity as a defense and such testimony must be excluded.

---

[8] *United States v. Cameron*, 907 F.2d 1051, 1061 (11th Cir. 1990).

[9] *Id.* (citing S. Rep. No. 98-225, 98th Cong., 2d Sess. 229 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3411) (emphasis removed).

[10] *Id.* (emphasis in original).

**B. Diminished Capacity Evidence to Negate a Specific Intent Element Is Exceptionally Rare. Lawson's Generalized Psychiatric Testimony Does Not Qualify for this Exception.**

The only other conceivably way that Lawson could introduce her psychological testimony–to show that at the time of the crime she did not have a specific intent to commit the crime–is unwarranted by Lawson's proffered testimony. While is it technically possible that psychiatric testimony could negate a specific intent crime,[11] such evidence will, in reality, "only rarely negate specific intent."[12] In most cases, the dangers that such evidence: (1) "will distract the jury from focusing on the actual presence or absence of mens rea"[13]; or (2) will open "up the jury to theories of defense more akin to justification,"[14] outweigh any possible benefits of admission. In fact, psychiatric evidence to negate specific intent is only admissible "when such evidence focuses on the defendant's specific state of mind <u>at the time of the charged offense</u>."[15]

A review of Lawson's proposed testimony, however, makes clear that her psychologist only examined Lawson's general <u>current</u> mental state. For example, the

---

[11] The United States concedes that statute charged in Count 2 of this case, 18 U.S.C. §641, is a specific intent crime. *See United States v. McRee*, 7 F.3d 976, 982 (11th Cir. 1993). Because Section 641 is a specific intent crime, the conspiracy charged in Count 1 is also as specific intent crime. *See United States v. Feola*, 420 U.S. 671 (1975).

[12] *Cameron*, 907 F.2d at 1067. In fact, the Eleventh Circuit has gone so far to say that it is even rare that "a legally <u>insane</u> defendant [will] actually lack the requisite *mens rea* purely because of mental defect." *Id.*at 1066 (emphasis added).

[13] *Id.*.at 1067.

[14] *Id.*

[15] *Id.* (emphasis added).

psychologist's concluding assessment is only for her present condition.[16] In fact, at no point in the entire evaluation does Lawson's psychologist discuss Lawson's of mind at the time of charged offense. This factor alone is sufficient to deem the evidence inadmissible.

However, Lawson's evidence does not even present any psychiatric disease or defect which could negate intent. The Eleventh Circuit has warned that "district courts must examine psychiatric evidence carefully to ascertain whether [the proffered evidence] would, if believed, support a legally acceptable theory of lack of mens rea."[17] The majority of Lawson's report, however, focuses on tests given to measure Lawson's intelligence. This is not the type of evidence that can even be used to negate intent. By contrast, *United States v. Staggs*,[18] provides a rare example of the appropriate use of psychiatric evidence to negate specific intent. Staggs was charged with threatening to shoot a policeman. He sought to, and was eventually permitted to, introduce psychiatric evidence that he suffered from a actual mental condition at the time of the offense that made it highly unlikely that he would have made such a threat. Because Lawson's proffered testimony fails even to identify a possible mental condition which would negate her intent, the evidence must be excluded.

---

[16] Ex. A at 7 (noting that "based upon the . . . information available . . . the best <u>diagnostic impression at present is</u> . . . .").

[17] *Cameron*, 907 F.2d at 1067.

[18] 553 F.2d 1073 (7th Cir. 1977).

## III. Conclusion

In an eleventh-hour effort to create jury distraction, Lawson has just notified the Government and the Court that she will rely on a diminished capacity defense. Not only is this Notice over two months late, but a plain reading of her psychologist's report indicates that Lawson is attempting to use the evidence to excuse or justify her behavior, which is completely improper. Moreover, Lawson's evidence does not in any way suggest that at the time of the crime charged she lacked the specific intent necessary to commit the crimes charged because of some mental disease. Lawson's Notice of Diminished Mental Capacity Defense should therefore be struck, or in the alternative excluded.

Nevertheless, if the Court were to believe that the Notice was timely filed and the evidence is somehow admissible, then the United States would request a continuation of the trial for the reason stated in its concurrently filed Unopposed Conditional Motion to Continue Trial.

Respectfully submitted this 23rd day of October, 2006,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: christopher.a.snyder@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Christine Freeman.

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney