## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

UNITED STATES OF AMERICA    )
    )
V.    )    **CASE NO: 2:06-cr-173-MHT**
    )
TANESHIA M. LAWSON

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS

**COMES NOW** the defendant, Taneshia M. Lawson, by and through undersigned counsel,

and respectfully requests that this Court give the attached Jury Instructions to the jury in this cause.

**WHEREFORE**, Defendant respectfully requests that this Motion be granted.

Respectfully submitted,

**s/Christine A. Freeman**
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for Taneshia M. Lawson
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL:   (334) 834-2099
FAX:   (334) 834-0353
E-Mail: Christine_Freeman@fd.org

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 23, 2006, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will send notification of such filing to the following:

Christopher Snyder, Assistant United States Attorney, One Court Square, Suite 201, Montgomery,

Alabama 36104.

<u>s/Christine A. Freeman</u>
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for Taneshia M. Lawson
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL:   (334) 834-2099
FAX:   (334) 834-0353
E-Mail: Christine_Freeman@fd.org

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN  DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **CASE NO: 2:06-cr-173-MHT** |
| | ) | |
| **TANESHIA M. LAWSON** | | |

## CONTENTS OF ATTACHED
## DEFENDANT TANESHIA M. LAWSON'S  REQUESTED INSTRUCTIONS

1. Preliminary Instructions Before Opening Statements
2. Introduction
3. Duty to Follow Instructions; Presumption of Innocence; Burden of Proof
4. Definition of Reasonable Doubt
5. Consideration of the Evidence, Arguments of Counsel, Comments by the Court
6. Credibility of Witnesses
7. Bias & Hostility
8. Impeachment; Inconsistent Statement
9. Codefendant - Informer - Immunity - Plea Agreement - Bad Reputation
10. Statement or Conduct of Defendant
11. Expert Witnesses
12. Notetaking
13. Evidence Admitted for a Limited Purpose
14. Character Evidence
15. No Burden to Present Evidence
16. Less Satisfactory Evidence
17. Number of Witnesses
18. Law Enforcement Witnesses
19. On or About - Knowingly - Willfully
20. Mental Defect
21. [Reserved]
22. Intro to Offense Instructions
23. Conspiracy
24. Theft of Government Money or Property
25. Lesser Included Offenses
26. Mere Presence
27. Participant, Aider and Abettor
28. [Reserved]
29. Amount of Theft
30. Caution - On Trial Only For Offenses Charged
31. Duty to Deliberate

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1**

**PRELIMINARY INSTRUCTIONS**
**BEFORE OPENING STATEMENTS**

"Members of the Jury:

You have now been sworn as the jury to try this case.  By your verdicts(s) you will decide

the disputed issues of fact.  I will decide all questions of law that arise during the trial, and before

you retire to deliberate together and decide the case at the end of the trial, I will instruct you on the

rules of law that you must follow and apply in reaching your decision.

Because you will be called upon to decide the facts of the case, you should give careful

attention to the testimony and evidence presented for your consideration during the trial, but you

should keep an open mind and should not form or state any opinion about the case one way or the

other until you have heard *all* of the evidence *and* have had the benefit of the closing arguments of

the lawyers as well as my instructions to you on the applicable law.

During the trial you must not discuss the case in any manner among yourselves or with

anyone else, and you must not permit anyone to attempt to discuss it with you or in your presence;

and, insofar as the lawyers are concerned, as well as others whom you may come to recognize as

having some connection with the case, you are instructed that, in order to avoid even the appearance

of impropriety, you should have no conversation whatever with those persons while you are serving

on the jury.

You must also avoid reading any newspaper articles that might be published about the case

now that the trial has begun, and you must also avoid listening to or observing any broadcast news

program on either television or radio because of the possibility that some mention might be made

1-1

of the case during such a broadcast now that the trial is in progress.

The reason for these cautions, of course, lies in the fact that it will be your duty to decide this case only on the basis of the testimony and evidence presented during the trial without consideration of any other matters whatever.

. . . .

Now, in order that you might understand at the beginning of the case the nature of the decisions you will be asked to make and how you should go about making them, I would like to give you some preliminary instructions at this time concerning some of the rules of law that will apply.

Of course, the preliminary instructions I will give you now will *not* cover *all* of the rules of law applicable to this case. As stated before, I will instruct you fully at the end of the trial just before you retire to deliberate upon your verdict(s), and will probably restate at that time some of the rules I want to tell you about now. In any event, you should not single out any one instruction alone as stating the law, but should consider all of my instructions as a whole.

**Presumption of Innocence**. As you were told during the process of your selection, an indictment in a criminal case is merely the accusatory paper which states the charge or charges to be determined at the trial, but it is not evidence against Ms. Lawson or anyone else. Indeed, Ms. Lawson has entered a plea of Not Guilty and is presumed by the law to be innocent. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit her.

**Burden of Proof**. Proof beyond a reasonable doubt is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

**Order of Proof - Defendant's Right Not to Testify**.  Because the Government has the burden of proof, it will go forward and present its testimony and evidence first.  After the Government finishes or "rests" what we call its "case in chief," Ms. Lawson may call witnesses and present evidence if she wishes to do so.  However, you will remember that the law does not require a Defendant to prove her innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a Defendant not to testify.

**Credibility of the Witnesses**.  As you listen to the testimony, you should remember that you will be the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony.  In deciding whether you believe or disbelieve any witness, you should consider his relationship to the Government or to Ms. Lawson; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness in whole or in part.

. . . .

From time to time during the trial, I may be called upon to make rulings of law on motions or objections made by the lawyers.  You should not infer or conclude from any ruling I may make that I have any opinions on the merits of the case favoring one side or the other.  And if I sustain an objection to a question that goes unanswered by the witness, you should not speculate on what answer might have been given, nor should you draw any inferences or conclusions from the question itself.

During the trial, it may be necessary for me to confer with the lawyers from time to time out

of your hearing concerning questions of law or procedure that require consideration by the Court alone. On some occasions you may be excused from the courtroom as a convenience to you and to us while I discuss such matters with the lawyers. I will try to limit such interruptions as much as possible, but you should remember at all times the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

In that regard, as you were told during the process of your selection, we expect the case to last at least two (2) days, but I will make every effort to expedite the trial whenever possible.

. . . .

Now, we will begin the trial at this time by affording the lawyers for each side an opportunity to make opening statements to you in which they may explain the issues in the case and summarize the facts they expect the evidence will show. After all the testimony and evidence has been presented, the lawyers will then be given another opportunity to address you at the end of the trial and make their summations or final arguments in the case.

The statements that the lawyers make now, as well as the arguments they present at the end of the trial, are not to be considered by you *either* as evidence in the case (which comes only from the witnesses and exhibits) *or* as your instruction on the law (which will come only from me). Nevertheless, these statements and arguments are intended to help you understand the evidence as it comes in, the issues or disputes you will be called upon to decide, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for the purpose of making an opening statement.

**Authority**:    Eleventh Circuit Pattern  Jury Instructions Criminal, Trial Instructions Nos. 2.1 and 2.2 (2003) (selected portions).

1-4

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2**

**<u>INTRODUCTION</u>**

MEMBERS OF THE JURY:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished, you will go to the jury room and begin your discussions -- what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find Ms. Lawson guilty of each of the crimes charged in the Indictment.

**Authority**:    <u>Eleventh Circuit Pattern  Jury Instructions Criminal</u>, Basic Instructions, No. 1 Face Page -- Introduction (2003).

**DEFENDANT'S REQUEST JURY INSTRUCTION NO. 3**

**DUTY TO FOLLOW INSTRUCTIONS**

**PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against Ms. Lawson or the Government [or any witness or other person].

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, Ms. Lawson is presumed by the law to be innocent. The law does not require a Defendant to prove his or her innocence or to produce any evidence at all; and if a Defendant elects not to testify, you should not and cannot consider that in any way during your deliberations. The Government has the burden of proving Ms. Lawson guilty beyond a reasonable doubt, and if it fails to do so, you must find her not guilty.

**Authority:**   Eleventh Circuit Pattern  Jury Instructions Criminal, Basic Instructions, No. 2.2 (2003) [modified].

3-1

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4

## DEFINITION OF REASONABLE DOUBT

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Government has proved  Ms. Lawson guilty of a charged offense beyond a reasonable doubt, say so.  If you are not convinced, say so.

**Authority**:    Eleventh Circuit Pattern  Jury Instructions Criminal, Basic Instructions, No.  3 (2003).

4-1

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5

### CONSIDERATION OF THE EVIDENCE,
### ARGUMENT OF COUNSEL AND COMMENTS BY THE COURT

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

**Authority**:    Eleventh Circuit Pattern Jury Instruction Criminal, Basic Instructions, No. 4.2 (2003).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6

## CREDIBILITY OF WITNESSES

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment you should carefully scrutinize all of the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness' intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness' ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charge beyond a reasonable doubt.

**Authority:**     <u>Federal Jury Practice and Instructions</u>, Devitt, Blackmar, Wolff and O'Malley, §15.01 (1992).

6-2

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 7**

**<u>BIAS AND HOSTILITY</u>**

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some government witnesses may have towards a Defendant.

Evidence that a witness is biased, prejudiced or hostile towards Ms. Lawson requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

**Authority:**     1 L. Sand, et al.,  <u>Model Federal Jury Instructions</u> -  Instruction 7-2 (1996)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 8**

**IMPEACHMENT - INCONSISTENT STATEMENT**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor that you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Authority**:    Eleventh Circuit Pattern Jury Instructions Criminal, Basic Instructions, No. 6.2 (2003).

8-1

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 9**

**CO-DEFENDANT - INFORMER - IMMUNITY**
**PLEA  AGREEMENT - BAD REPUTATION**

_____The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a paid informer, or a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, [or a witness who has been promised some favorable treatment in his or her own case,]  may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

In this case, the Government also called as one of its witnesses a person named as a co-Defendant in the indictment, with whom the Government has entered into a plea agreement providing for the possibility of a lesser sentence than the witness would otherwise be exposed to. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court.  However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.  So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

And, of course, the fact that a witness has pled guilty to a crime charged in the   indictment is not evidence, in and of itself, of the guilt of any other person.

There may also be evidence tending to show that a witness has a bad reputation for

9-1

truthfulness in the community where the witness resides, or has recently resided; or that others have an unfavorable opinion of the truthfulness of the witness.

You may consider those matters also in deciding whether or believe or disbelieve such a witness.

**Authority**:     Eleventh Circuit Pattern Jury Instructions Criminal, Basic Instructions, No. 6.7; Special Instructions, No. 1.1, 1.2  (2003) [modified].

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 10

## **STATEMENT OR CONDUCT OF DEFENDANT**

Evidence relating to any alleged statement, confession, admission, or act or omission alleged to have been made or done by a defendant outside of court and after a crime has been committed should always be considered by the jury with caution and weighed with great care. All such alleged statements, confessions, admissions or acts or omissions should be disregarded entirely unless the other evidence in the case convinces the jury beyond a reasonable doubt that the statement, confession, admission, or act or omission was made or done knowingly and voluntarily.

It is for the jury to decide (1) whether the particular defendant made the statement and (2) if so, how much weight to give to it. In making those decisions you should consider all of the evidence about the statement, including the circumstances under which the particular defendant may have made it.

In determining whether any statement, confession, admission, or act or omission alleged to have been made by a defendant outside of court after a crime has been committed was knowingly and voluntarily made or done, the jury should consider the age, training, education, occupation, and physical and mental condition of the defendant, his or her treatment while under interrogation as shown by the evidence in the case, and all other circumstances in evidence.

If after considering the evidence you determine that a statement, confession, admission, or act or omission was not made or done knowingly or voluntarily, you must ignore such statement, confession, admission or act or omission, and may give it no weight.

10-1

If after considering the evidence you determine that a statement, confession, admission, or act or omission was made or done knowingly and voluntarily, you may still give it such weight or not as you feel it deserves under the circumstances in evidence.

**Authority:**   <u>Eleventh Circuit Pattern  Jury Instructions Criminal</u>, Special Instructions,  2.1 and 2.2, (2003)**;**  <u>Federal Jury Practice and Instructions</u>, Devitt & Blackmar, §14.03 (1992) (modified); 18 U.S.C.A. §3501; *Crane v. Kentucky*, 476 U.S. 683 (1986); *Jackson v. Denno*, 378 U.S. 368 (1964).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 11**

**<u>EXPERT WITNESSES</u>**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field -- one who is called an expert witness -- is permitted to state his or her opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

**Authority:**    <u>Eleventh Circuit Pattern Jury Instructions Criminal</u>, Basic Instructions, No. 7 (2003); *United States v. Johnson*, 575 F.2d 1347, 1361 (5th Cir. 1978).

11-1

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 12**

**<u>NOTETAKING</u>**

In this case you have been permitted to take notes during the course of the trial, and most of you - - perhaps all of you - - have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory.  In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

**Authority:** <u>Eleventh Circuit Pattern Jury Instructions Criminal</u>  Special Instructions, No.  5 (2003).

12-1

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 13**

**EVIDENCE ADMITTED FOR LIMITED PURPOSE**

In certain instances, evidence may be admitted only for a particular purpose and not for all purposes.  For the limited purpose for which such evidence has been received you may give it such weight as you feel it deserves. You may not, however, use this evidence for any other purpose.

During this trial I have told you from time to time that certain evidence was being received for only a limited purpose. I charge you now that during your deliberations, such limiting instructions as I have given you are still in effect, and you may not consider such limited evidence for any purpose other than the limited purpose on which you were instructed at the time the evidence was admitted.

**Authority:**    Federal Jury Practice and Instructions, Devitt, Blackmar, Wolff and O'Malley, §11.09 (modified); *U.S. v. Scarpa*, 913 F.2d 993, 1016 (2d Cir. 1990).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 14**

**<u>CHARACTER EVIDENCE</u>**

Ms. Lawson has offered evidence of her individual traits of good character. Such evidence may give rise to a reasonable doubt.

Where a Defendant has offered testimony or other evidence that the Defendant is an honest and law-abiding citizen, or otherwise of good character, the jury should consider that testimony or other evidence, along with all the other evidence submitted, in deciding whether the Government has proved beyond a reasonable doubt that the Defendant committed the crime charged.

**Authority:**    <u>Eleventh Circuit Pattern Jury Instructions Criminal</u> Special Instructions, No. 12 (2003).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 15**

**<u>NO BURDEN TO PRESENT EVIDENCE</u>**

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence. The prosecution has the burden at all times to produce evidence of the alleged charges, and such evidence must convince you of guilt beyond a reasonable doubt. If the prosecution fails to produce such proof beyond a reasonable doubt of any of the elements of any of the crimes charged, you must find Ms. Lawson not guilty of that crime. Ms. Lawson is under no obligation at any time to produce any evidence.

**Authority:**    <u>Federal Jury Practice and Instructions</u>, Devitt, Blackmar, Wolff and O'Malley, §15.14 (1992) (modified); *United States v. Richardson*, 764 F.2d 1514, 1529 (11th Cir.), cert. denied, sub.nom. *Crespo - Diaz v. United States*, 474 U.S. 952 (1985).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 16**

**<u>LESS SATISFACTORY EVIDENCE</u>**

If a party offers weaker or less satisfactory evidence when stronger and more satisfactory evidence could have been produced at trial, you may, but are not required to consider this fact in your deliberations.

You must remember, however, that Ms. Lawson is not obligated to produce any evidence or to call any witnesses.

**Authority:** <u>Federal Jury Practice and Instructions</u>, Devitt, Blackmar, Wolff and O'Malley, §14.14.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 17**

**<u>NUMBER OF WITNESSES</u>**

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

At all times, the burden of proof remains on the Government to present proof beyond a reasonable doubt.

**Authority:**    <u>Federal Jury Practice and Instructions</u>, Devitt, Blackmar, Wolff and O'Malley, §14.16 (modified).

17-1

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 18**

**<u>LAW ENFORCEMENT WITNESSES</u>**

You have heard the testimony of several law enforcement officials.  The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is also quite legitimate for the defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

**Authority:**    1 L. Sand, et al., <u>Modern Federal Jury Instructions</u> - Instruction # 7-16 (1992)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 19**

**ON OR ABOUT - KNOWINGLY - WILLFULLY**

You will note that the indictment charges that some of the charged offenses were committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions to describe the alleged state of mind of the defendant, means that she was conscious and aware of her action, realized what she was doing, her act was done voluntarily and intentionally, and not because of ignorance, mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions to describe the alleged state of mind of the defendant, means that she knowingly performed an act, deliberately and intentionally, with the specific intent to do something the law forbids; that is, with a bad purpose either to disobey or disregard the law.

**Authority:**   Devitt, Blackmar, Wolff and O'Malley, <u>Federal Jury Practice and Instructions</u>, Vol. 1, Instruction 17.04 & 17.05 (1992 ed.) (modified)**;** <u>Eleventh Circuit Pattern Jury Instructions Criminal</u>, Basic Instructions, No. 9.1 (2003) (modified);   *U.S. v. Williams*, ___ F.Supp.2d ___, 2005 WL 323679 at *6 (N.D. Ohio 2005) (defendant charged with conspiracy, wire fraud and health care fraud was charged with offenses which required "proof of knowledge and willfulness rather than mere negligence.")

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 20**

**<u>MENTAL DEFECT</u>**

It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense.

The defendant has the burden of proving the defense of insanity by clear and convincing evidence.

The fact that a person may have a mental defect may negative the existence of the intent to commit the specific crime charged. Some evidence that a defendant acted or failed to act due to a mental defect is to be considered in determining whether or not the defendant acted or failed to act with specific intent as charged. If the evidence in the case leaves the jury with a reasonable doubt whether, because of the degree of the mental defect, the mind of the defendant was capable of forming or did form specific intent, the jury should acquit the accused.

**Authority:**    18 U.S.C. § 17; *see U.S. v. Romano,* 482 F.2d 1183, 1196 (5th Cir. 1973) (addressing instruction as to effect of drug stupor on specific intent).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 21**

[RESERVED]

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 22**

**<u>INTRODUCTION TO OFFENSE INSTRUCTIONS</u>**


The instructions I have given you so far are ones I give in every criminal case, and which apply in this case as well.  I will now instruct you on the law that is specifically applicable to the offenses charged in this case.


**Authority**:     <u>Eleventh Circuit Pattern  Jury Instructions Criminal</u>, Basic Instructions, No. 8, (1997).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 23

## <u>CONSPIRACY</u>

In Count 1 of the indictment charges the defendant with the crime of conspiracy to embezzle, steal, purloin, and knowingly convert to her own use money and things of value of the United States in an amount in excess of $1,000, and to receive, conceal and retain the same with intent to convert it to her own use or gain, knowing it to have been embezzled, stolen, purloined and converted, in violation of 18 U.S.C. § 641. Conspiracy to violate federal law is itself a violation of 18 U.S.C. § 371. For a jury to convict a person of a violation of 18 U.S.C. § 371, the government must prove beyond a reasonable doubt each of the following:

| | | |
|---|---|---|
| First: | The defendant had a specific intent to agree with another person to violate the law and to commit the specific crime which was the object of the conspiracy; |
| Second: | The defendant knew the essential objective of the conspiracy; that is, the defendant knew that the objective of this conspiracy was to commit theft of money and things of value of the United States in an amount in excess of $1,000; |
| Third: | The defendant knowingly and voluntarily joined and participated in the conspiracy; |
| Fourth: | There was an overt act knowingly done with the purpose to advance the conspiracy; |
| Fifth: | There was interdependence among the coconspirators. |

To be a coconspirator, a defendant must have awareness of the scope, the objective, and the illegal nature of the conspiracy.

To have interdependence with the coconspirators, a defendant must have engaged in activities

which facilitated the actions of other coconspirators or of the venture as a whole, and must have

intended to act together with the coconspirators for their shared mutual benefit within the scope of

the charged conspiracy.

*Authority:*     *U.S. v. Cooper,* 2004 WL 432236 at *3 - 4 (D.Kan. 2004);  *U.S. v. Fernandez*, 388
F.3d 1199, *1248 (9th Cir. 2004) (approving instruction "on the legal definition of a
conspiracy, with its required elements of an agreement among the participants with
the specific intent to agree; specific intent to commit the particular crime charged;
and overt acts to further or accomplish the object of the conspiracy.")

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO.  24

### THEFT OF GOVERNMENT MONEY OR PROPERTY

To convict a defendant of the conspiracy charged in Count 1, the Government must also prove beyond a reasonable doubt that the defendant intended the conspiracy to theft of governmentn money or property in excess of $1,000, in violation of 18 U.S.C. § 641.   Count 2 of the indictment also charges the defendant with the commission of the crime of theft of government money or property in the amount of $2,193, at the dates specified, in violation of 18 U.S.C. § 641.

For a jury to find that a person  committed theft of government money or property as charged and in violation of 18 U.S.C. § 641, the Government must prove beyond a reasonable doubt each of the following:

First:          That the money or property described in the indictment belonged to the United States;

Second:        That the Defendant embezzled, stole and converted such money or property to her own use or to the use of another;

Third:          That the Defendant did so knowingly and willfully with the intent to deprive the owner of the use or benefit of the money or property so taken; and

Fourth:        That the money or property taken by the Defendant had the value charged in the indictment, of $2,193.

The word "value" means t he face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

It is not necessary to prove that the Defendant knew that the Government owned the property at the time of the wrongful taking so long as it is established, beyond a reasonable doubt, that the Government did in fact own the money or property involved, that the Defendant knowingly and

willfully embezzled, stole and converted it, and that it had the value charged in the indictment.

To "embezzle" means the wrongful or willful taking of money or property of the Government else after the money or property has lawfully come within the possession or control of the person taking it.

To "steal" or "convert" means the wrongful or willful taking of money or property belonging to the Government with intent to deprive the owner of its use or benefit either temporarily or permanently. No particular type of movement or carrying away is required to constitute a "taking," as that word is used in these instructions.

Any appreciable change in the location of the property with the necessary willful intent constitutes a taking whether or not there is any actual removal of it from the owner's premises.

**Authority:**     Eleventh Circuit Pattern  Jury Instructions Criminal, Offense Instructions, No. 21, (2003) [modified].

### DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 25

## <u>LESSER INCLUDED OFFENSES</u>

_____In some cases the law which a Defendant is charged with violating actually covers two separate crimes – one is more serious than the other and the second crime is generally called a "lesser included offense."

So, in this case, with regard to the offense charged in Count 1, conspiracy to commit theft of government money or property in excess of $1,000, if you should find the Defendant not guilty of that crime as defined in these instructions, you should then proceed to decide whether the Defendant is guilty or not guilty of the lesser included offense of  conspiracy to commit theft of government money or property less than $1,000.  This lesser included offense would consist of proof beyond a reasonable doubt of all of the facts stated before as necessary to a conviction under Count 1, except that for the defendant to be found guilty of this lesser included offense, the government must have proved beyond a reasonable doubt that the defendant knew that the objective of this conspiracy was to commit theft of money and things of value of the United States in an amount in less than $1,000.

Also, with regard to the offense charged in Count 2, theft of government money or property in the amount of $2,193, if you should find the Defendant not guilty of that crime as defined in these instructions, you should then proceed to decide whether the Defendant is guilty or not guilty of the lesser included offense of  theft of government money or property less than $1,000.  This lesser included offense would consist of proof beyond a reasonable doubt of all of the facts stated before as necessary to a conviction under Count 1, except that for the defendant to be found guilty of this lesser included offense, the government must have proved beyond a reasonable doubt that the theft accomplished by the defendant was of money and things of value of the United States in an amount

in less than $1,000.

**Authority**:     <u>Eleventh Circuit Pattern  Jury Instructions Criminal</u>, Special Instructions, No. 10 (2003).  See also Verdict Form approved in Annotations and Comments to this Special Instruction.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 26

## <u>MERE PRESENCE</u>

_____Mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

In addition, merely being  present at the scene of a crime or merely knowing that a crime is being committed or is about to be permitted is not sufficient conduct to find that the Defendant committed that crime.

_____In order to find the defendant guilty of the crime charged, the government must prove, beyond a reasonable doubt, that in addition to being present or knowing about the crime, the defendant knowingly and deliberately associated herself with the crime as a participant and as someone who wanted the crime to be committed and not as a mere spectator.

**Authority:**  <u>Eleventh Circuit Pattern  Jury Instructions Criminal</u>, Offense Instruction, No. 13.1 and Special Instruction No. 7 (2003) (modified); Devitt, Blackmar, Wolff and O'Malley, <u>Federal Jury Practice and Instructions</u>, Vol. 1, Instruction 16.09 (1992 ed.) (modified).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO.  27**

**<u>PARTICIPANT, AIDER AND ABETTOR</u>**

To be a participant in a crime, a person must act knowingly and with the intent to commit the crime.

In order for you to find the defendant guilty as an aider or abettor, you must be satisfied beyond a reasonable doubt that the defendant intentionally associated herself with a criminal venture, that she participated in it as something that she wished to bring about, and that she sought by her action to make it succeed.

**Authority:**    *Lugo v. Kuhlmann*, 68 F.Supp.2d 347, *373 (2d Cir. 1999); *U.S. v. Robertson*, 133 F.3d 933, 1998 WL 13591, *1 (10th Cir. 1998).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO.  28**

[RESERVED]

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 29**

**AMOUNT OF THEFT**

The government has charged that the Defendant committed a certain amount of theft. If you do not find that the evidence proves beyond a reasonable doubt that the defendant committed a theft, do not determine any amount of loss.

But if you have found the evidence has shown beyond a reasonable doubt that the defendant is guilty of one of the charged offenses, then you should go on to consider whether the government has proven the defendant committed the amount of theft charged in the indictment beyond a reasonable doubt.

The government bears the burden of proving the existence of such an amount beyond a reasonable doubt. Such a fact must be proven by reliable and credible evidence, beyond a reasonable doubt. If you find that the government has proven beyond a reasonable doubt that the defendant committed the charged theft in the amount charged, so indicate on the Jury Verdict Forms. If you find that the government has not proven the charged amount of theft beyond a reasonable doubt, so indicate on the Jury Verdict Form.

**Authority:**    *U.S. v. Williams*, ___ F.Supp.2d ___, 2005 WL 323679 (N.D. Ohio 2005) at *5, 6.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 30

## <u>CAUTION - ON TRIAL ONLY FOR OFFENSE CHARGED</u>

A separate crime or offense is charged against the defendant in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty of one of the offenses charged should not affect your verdict as to the other charged offense.

I caution you, members of the Jury, that you are here to determine from the evidence in this case only whether the defendant is guilty or not guilty of each offense charged in this indictment. The defendant is on trial only for the specific offenses alleged in the indictment. The defendant is are not on trial for any act or any conduct not specifically charged in the indictment.

**Authority**:    <u>Eleventh Circuit Pattern Jury Instructions Criminal</u>, Basic Instructions, No. 10.4 (2003) (modified); <u>Federal Jury Practice and Instructions</u>, Devitt, Blackmar, Wolff and O'Malley, §12.09 (1992) (modified).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO.  31**

**<u>DUTY TO DELIBERATE</u>**

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous.  In other words, to return a verdict, you must all agree.  If you find the defendant guilty of an offense, you must all agree on what actions the Government has proved beyond a reasonable doubt that the defendant committed that constitute the offense.  If you find the defendant not guilty, you must all agree that the Government has not proved guilt beyond a reasonable doubt.

Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because others think differently or merely to get the case over with.

Remember, that in a very real way, you are judges -- judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**Authority:**    Eleventh Circuit Pattern  Jury Instructions Criminal**,** Basic Instructions,  No. 11 (2004); compare *Richardson v. United States*, 526 U.S. 813  (1999).