**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **CASE NO: 2:06-cr-173-MHT** |
| | ) | |
| **TANESHIA M. LAWSON** | ) | |

**DEFENDANT'S RESPONSE TO MOTION IN LIMINE**

**NOW COMES** the defendant, Taneshia Lawson, by and through undersigned counsel, and respectfully asks that the Government's Motion in Limine (D.E. 104) be denied:

1. Government counsel asks the Court "to exclude Defendant Taneshia Lawson's newly proffered potential grounds for expert testimony." Although conceding that Ms. Lawson has disclosed an evaluation report on Ms. Lawson's "mental health," the Government contends that a separate disclosure and report are required if defendant is to be permitted to argue that a false confession is more likely from a mentally handicapped suspect.

2. Theron Covin will not be presented as an expert in false confessions, but will testify as to tests he administered and his training and experience upon which he relies in describing Ms. Lawson's IQ and in concluding that she is mentally retarded. Both parties are permitted to argue, and jurors are permitted to draw, reasonable inferences from the facts in evidence.

3. The Sixth Amendment right to present a defense and the Fifth Amendment Due Process clause require that a criminal defendant be permitted a meaningful opportunity to present a complete defense. *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) ("Whether rooted

directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Clause or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense.") See also, 476 U.S. at 688 (the circumstances surrounding the making of a confession are often relevant not only to its voluntariness, but also to its credibility); *California v. Trombetta*, 467 U.S. 479, 485 (1984) ("We have long interpreted this standard of fairness to require that criminal defendants be afforded a meaningful opportunity to present a complete defense"); Fed.R.Evid. 102 ("These rules shall be construed ... to the end that the truth may be ascertained and proceedings justly determined."). Ms. Lawson's limited mental abilities relate directly to whether or not the government can prove beyond a reasonable doubt that she had the specific intent to conspire to steal and/or to steal three checks, in addition to the check she herself wrongfully cashed.

4. The government seeks a selective application of its view of procedural requirements. Although the events charged in this indictment occurred in 2003 and fingerprint reports were requested by the investigating agent before 2005, the government requested additional fingerprint examinations of the physical evidence on October 24, 2006 and provided notice to defense counsel of both a new fingerprint expert and a new fingerprint report on October 27, 2006, three days before jury selection. Nonetheless, defense counsel does not object to the resulting evidence, which assists Ms. Lawson, and in fact will seek its introduction.

5.    All parties are to be expected to continue investigation and preparation of their cases throughout the pretrial period and to notify opposing counsel of new information. Defense counsel notified government counsel of the issue (Ms. Lawson's intellectual abilities) it was continuing to investigate even before the evaluation of that issue was complete. Defense counsel provided the report on that issue immediately to government counsel, within twenty-four hours of its acquisition by defense counsel. The government is fully aware of the fact and evidence defendant seeks to present, does not apparently contest the accuracy of that evidence, but merely seeks to exclude it, based upon an interpretation of the rules that it does not itself meet.

**WHEREFORE**, the Defendant respectfully prays that this Court deny the Government's Motion in Limine.

Respectfully submitted,

s/Christine A. Freeman
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for Taneshia M. Lawson
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL: (334) 834-2099
FAX: (334) 834-0353
E-Mail: Christine_Freeman@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Christopher Snyder, Assistant United States Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

                                  **s/Christine A. Freeman**
                                  **CHRISTINE A. FREEMAN**
                                  **TN BAR NO.: 11892**
                                  Attorney for Taneshia M. Lawson
                                  Federal Defenders
                                  Middle District of Alabama
                                  201 Monroe Street, Suite 407
                                  Montgomery, AL 36104
                                  TEL: (334) 834-2099
                                  FAX: (334) 834-0353
                                  E-Mail: Christine_Freeman@fd.org