# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO.  2:06-cr-173-MHT** |
| | ) | |
| **TANESHIA MICHELLE LAWSON** | ) | |
| | ) | |

---

## United States' Motion to In Limine to Exclude School Records and Lay Testimony Regarding Lawson's Mental Capacity

---

The United States supplements its oral motion filed in Court on November 1, 2006, and moves to exclude: (1) Defendant Taneshia Michelle Lawson's school records, provided to the Government on November 1, 2006,[1] and (2) any lay testimony about Lawson's mental capacity, other than testimony about Lawson's mental state at the time of the offense.[2]  The school records are either irrelevant or would need separate impermissible testimony to make them relevant.  The general lay testimony is also irrelevant.  Both sets of evidence should be excluded.

---

[1] Defense counsel provided an original, and more legible copy, of the school records November 1, 2006, at the Court's oral argument session at 8:30 a.m.  Counsel had previously provided a facsimile copy of the same the day before at approximately 5:10 p.m.

[2] On October 31, 2006, Lawson's counsel orally notified the Government that it intended to call a records custodian to introduce the documents.  Additionally, this the oral argument on November 1, 2006, the Court inquired from the Government whether it objected to lay testimony relating Lawson's mental capacity.  This in limine motion is an attempt to clarify the United States' position on this matter.

## I.    Lawson School Records Are Irrelevant or Otherwise Inadmissible.

The school records that Lawson would like to introduce, attached collectively as Exhibit 1, appear to consist of (a) administrative paperwork, (b) grade transcripts/report cards, and (3) standardized tests.[3]  The administrative paperwork and report cards are irrelevant.  The standardized tests cannot become relevant without impermissible expert testimony.

### A.    Lawson's Administrative Paperwork Is Completely Irrelevant to this Case.

The administrative school records that Lawson would like to introduce consist of student profiles and enrollment documents,[4] attendance records,[5] class schedules,[6] immunization records,[7] school lunch applications,[8] and physical fitness tests.[9] Additionally, there are two documents in this subset, which do not even relate to the

---

[3] The Government has Bates numbered these records sequentially from Lawson000001 to Lawson000033.  The documents are not in the same order as they were provided to the Government; they have been sorted and reordered for ease of review.

[4] *See* Lawson02-04.

[5] *See* Lawson05-07.

[6] *See* Lawson08-11.

[7] *See* Lawson12-13.

[8] *See* Lawson14.

[9] *See* Lawson15.

defendant; they are under the name Andre Lawson and do not contain Tanehsia Lawson's birth date.[10]

None of these documents bear any relation to the charges in this case and are completely irrelevant. Fed.R.Evid. 401 provides that evidence is "relevant" if it has "any tendency to make the existence of any (material) fact . . . more probable or less probable than it would be (otherwise) . . . ." "This definition has been construed to impose two requirements, both of which must be met before evidence is admitted: (1) [Relevancy, *i.e.*,] [t]he evidence must be probative of the proposition it is offered to prove [relevancy], and (2) [materiality, *i.e.*,] the proposition to be proved must be one that is of consequence to the determination of the action."[11] Lawson is supposedly offering these records in an effort to establish that she did not have the intent to steal or the intent to agree to steal on the dates alleged in the Indictment. These administrative documents have nothing to do with Lawson's ability to form an intent; they are irrelevant.[12] Two documents are not even Lawson's actual records. The administrative documents must therefore be excluded.

---

[10] *See* Lawson16-17.

[11] *United States v. Glasser*, 773 F.2d 1553, 1560 (11th Cir. 1985) (citations omitted).

[12] And, even if they did, they still should be excluded because they are not legally relevant. *See* Fed. R. Evid. 403.

## B.     Lawson's Grade Transcripts Are Also Irrelevant to this Case.

Lawson's introduction of her junior high school and high school grade transcripts[13] should also be prohibited.  The transcripts, which show Lawson's grades from the third through the ninth grade, took place between four and ten years prior to the offense in 2003. Lawson, again, would like to proffer these documents to demonstrate that she could not have possessed the necessary intent to steal or to agree to steal.

These documents are irrelevant to this case.  Lawson's grades, at best, are only marginally probative of Lawson's intelligence and not probative of her ability to form the intent to steal.  There are a host of reasons why people obtain average to poor grades, none of which have to do with intelligence.  They include including lack of motivation, lack of interest, or problems at home, to name a few.  This is especially true here in which Lawson must show that the evidence tends to negate her "specific intent <u>at the time of the charged offense</u>."[14]  Similarly, Lawson's grades prior to the offense are not probative of her intent to steal four to ten years later when the offense occurred.  Such a conclusion only makes sense when one considers that other areas of evidentiary law tend to give less weight to or

---

[13] *See* Lawson 18-26.

[14] *Cf. United States v. Cameron*, 907 F.2d 1051, 1067 (11th Cir. 1990) (concluding the same in reference to expert testimony).

to exclude evidence that is distant in time from the relevant issue.[15] Lawson's grade

transcripts should be excluded.[16]

### C.     Lawson's Standardized Test Scores Are Irrelevant Without Impermissible Testimony.

Finally, Lawson's attempt to introduce her standardized test scores[17] should also be

prohibited.  Each of these are titled "Stanford Achievement Test Series" with "Otis-

Lennon School Ability Test," which, according to the document, was administered to

Lawson between the ages of 10 and 14.  Similar to the grade transcripts just mentioned,

this evidence is irrelevant because it is too remote in time.[18]

Lawson's attorney, however, has argued that some of these test scores, measure IQ,

and thus are relevant to negate Lawson's intent to steal or intent to agree to steal.  It is

unclear from the face of the report which test scores are supposed to measure IQ, although

Lawson's counsel has indicated to the Government that she believes the Otis-Lennon

School Ability Test does.  Lawson's attorney also has indicated to the Government that

she intends to introduce these documents through a school records' custodian.

---

[15] *See, e.g.*, Fed. R. Evid. 609(b) (imposing a ten year limit on the relevancy of prior felony convictions); *United States v. Jimenez*, 613 F.2d 1373, 1376 (5th Cir. Unit A 1980) (citing *United States v. Hitsman*, 604 F.2d 443, 448 (5th Cir. 1979) and other pre-spilt 5th Circuit cases, which note in the Rule 404(b)/"extrinsic evidence" context that "expiration of the considerable length of time . . . deplete[s] the extrinsic offense of any relevance which could have outweighed the peril of jury prejudice. . . .")

[16] Furthermore, to the extent that the documents were even marginally logically relevant, they should still be excluded because they run the risk of "confusion of the issues, or misleading the jury" under Fed. R. Evid. 403.

[17] *See* Lawson27-32.

[18] Additionally, documents Lawson000032 and 000033 are identical and thus not legally relevant because they are cumulative.

The implicit assumption in Lawson's argument is that IQ tests tend to stay consistent, so therefore, they are relevant to negate her specific intent at the time of the offense.  A records custodian, however, while able to read what the document says, would at best only be able to give a general description about the name and nature of the test. Expert testimony would be required for the proposition that (1) the Otis-Lennon School Test is actually an IQ test and (2) functions like an IQ test.  Likewise expert testimony would be required to show that (3) if Lawson achieved a score on the Otis-Lennon School Test in one year (say, 1995), then she was very likely to have had the same score at the time of the offense (2003).  The expert would then have to (4) conclude that because Lawson had a low Otis-Lennon test score, approximately five to ten years ago, then she would not be able to form the intent to commit the crime in 2003.

Lawson, however, has provided no expert disclosure or expert report, which supports any of these four propositions, as is required under Fed. R. Crim. P. 16(b)(1)©. The only report so far disclosed to the Government evaluates Lawson's current mental health, not the school records.  Moreover, even if disclosure and a report were to have been provided for such testimony, the United States still would have requested a hearing under Fed. R. Evid. 702 and *Daubert*.  A cursory review of Lawson's Otis-Lennon test scores reveals a 21 point variance in scores thus calling into question the proposition that scores from this test stay the same over a period of decades.  Any such testimony relating to Lawson's standardized test scores should therefore be excluded.

## II. Lay Testimony, Which Does Not Relate to Lawson's Intent at the Time of the Crime, Is Inadmissible.

For reasons stated above in Parts IA through IC, the United States also objects to any lay testimony regarding Lawson's alleged mental condition, other than her mental condition at the time of the offense. As the Court noted in oral argument, in *Clark v. Arizona*, 548 U.S. __, 126 S.Ct. 2709 (2006), the Supreme Court interpreted Arizona law to draw a distinction between lay and expert mental testimony. The United States agrees that, as a general proposition, the two are different. In the opinion of the United States, however, nothing in *Clark*, however, casts doubt on the Eleventh Circuit's general proposition that in order to introduce evidence to negate a specific intent crime, the evidence must be relevant to the period charged in the Indictment. Therefore, lay testimony regarding Lawson's alleged mental condition, which was not during or related to the relevant period of the Indictment, should be excluded.

## III. Conclusion

Now that the Court has excluded most[19] of Lawson's expert testimony relating to negating of her specific intent, Lawson has apparently shifted tactics. She intends to distract the jury with irrelevant documents from her school and with lay testimony. None of this testimony relates to whether she had the intent to steal or the intent to agree to steal in the Fall of 2003. The documents and testimony should therefore be excluded.

Respectfully submitted this 3rd day of November, 2006,

---

[19] The remaining potential expert testimony is currently subject of the United States' second Motion in Limine. *See* Doc # 104.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: christopher.a.snyder@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Christine Freeman.

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney