# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO.  2:06-cr-173-MHT** |
| | ) | |
| **TANESHIA MICHELLE LAWSON** | ) | |
| | ) | |

---

## United States' Request for Supplemental Jury Instructions and Special Verdict Form

---

The United States requests the two attached supplemental jury instructions and the attached special verdict form be given to the jury in the above case. At oral argument before the Court on Wednesday, November 1, 2006, counsel for Defendant Taneshia Michelle Lawson indicated that one of Lawson's possible defenses would be that Lawson only <u>cashed</u> one of the four checks at issue in this case.

Based upon this theory, the United States requests a modification of its previously submitted and proposed offense conduct instruction for 18 U.S.C. § 641.[1]  Originally, the United States' proposed offense conduct jury instruction only included instructions for the first paragraph of Section 641.  As a result of Lawson's one-check-cashing theory, the United States now requests that the Court also instruct the jury on the second paragraph of § 641 (related to the wrongful receipt of Government property).  This instruction is based

---

[1] Gov't Proposed Jury Inst. No. 17.

on the statutory language of Section 641 and was charged in the Indictment. The modified

offense jury instruction is now labeled Proposed Jury Instruction No. 17.1.

At oral argument, Lawson's counsel also noted that the check that Lawson cashed

was worth less than $1,000, thus making her guilty of only a misdemeanor. Based on

Lawson's argument, the United States also request the attached special verdict form,

which has interrogatories for guilt or innocence and a special interrogatory for the amount

of money stolen, converted, or wrongfully received.

Finally, the United States requests an additional jury instruction for the Fed.R.Evid.

404(b) evidence discussed in its recently filed 404(b) Notice.[2]  This instruction is labeled

Proposed Jury Instruction 18.1.

Respectfully submitted this 4th day of November, 2006,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: christopher.a.snyder@usdoj.gov

---

[2] See Doc. #130.

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on November 4, 2006, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system, which will send notification of such

filing to the following: Christine Freeman.

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney

# Government's Requested Jury Instruction No. 17.1

«OFFENSE CONDUCT INSTRUCTIONS
–THEFT OR WRONGFUL RECEIPT OF MONEY OR PROPERTY–
18 USC § 641(BOTH PARAGRAPHS)»

Title 18, United States Code, Section 641, makes it a Federal crime or offense for anyone to steal or convert any money belonging to the United States.  Additionally, Section 641 makes it a Federal crime or offense to receive stolen money or property belonging to the United States.

I will first instruct you on the theft of property provision.  Ms. Lawson can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:          That the money or property described in the Indictment belonged to the United States;

Second:     That the Defendant stole or converted such money or property to her own use or to the use of another;

Third:        That the Defendant did so knowingly and willfully with intent to deprive the owner of the use or benefit of the money or property so taken.[3]

_____

[3] The statute provides for both a felony offense and a misdemeanor offense. Section 641 was amended by section 606 of The Economic Espionage Act of 1996, Pub. L. 104-294, 110 Stat. 3511, to make value in excess of $1,000 the felony threshold.  If the value of the money or property is controverted, as it is in this case, cases and Circuits' jury instructions suggest determination of this element be decided with either a special interrogatory or a lesser included offense instruction.  *See, e.g.*, 5th Cir. Pattern Jury Instr. Crim. No. 2.33 (2001); 7th Cir. Pattern Fed. Crim. Jury Instr. 18 U.S.C. § 641; 8th Cir. Man. Model Jury Instr. No. 6.18.641, n.4 (2003); 10th Cir. Pattern Jury Instr. Crim. No. 2.31 (2005) ("It is suggested that the verdict form might contain a line requiring the jury to specify a value, in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)); 11th Cir. Pattern Jury Instr. Crim No. 21 (com. notes); *see also United States v. Devall*, 462 F.2d 137, 142-43 (5th Cir 1972) ("the question of value in a § 641 proceeding is within the province of the jury rather than that of the sentencing Judge."); *Jalbert v. United States*, 375 F.2d 125 (5th Cir. 1967) (approving of the dual issue submission procedure in which the jury in a § 641 proceeding is called upon to determine not only the guilt or innocence of the accused,

The word "value" means the face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

It is not necessary to prove that the Defendant knew that the Government owned the property at the time of the wrongful taking so long as it is established, beyond a reasonable doubt, that the Government did in fact own the money or property involved, that the Defendant knowingly and willfully stole or converted it.

To "steal" or "convert" means the wrongful or willful taking of money or property belonging to someone else with intent to deprive the owner of its use or benefit either temporarily or permanently. No particular type of movement or carrying away is required to constitute a "taking," as that word is used in these instructions.

Any appreciable change in the location of the property with the necessary willful intent constitutes a taking whether or not there is any actual removal of it from the owner's premises.[4]

As I mentioned previously, Section 641 also makes it a federal crime or offense for Ms. Lawson to have received stolen money or property belonging to the United States.

---

but also whether or not the subject property has a value in excess of $100 – the felony threshold amount a that time).

In essence, the special interrogatory should ask the jury "whether it finds, beyond a reasonable doubt, that the item had a value of more than $1,000 at the time of the alleged offense." 8th Cir. Crim. Pattern Inst. No. 6.18.641. A special interrogatory has been included in the Government's attached special verdict form.

[4] 11th Cir. Pat. Instr. Crim. No. 21.

Ms. Lawson can be found guilty of this alternative provision of Section 641 only if all of the following facts are proved beyond a reasonable doubt:

First:            That the money or property described in the Indictment belonged to the United States Government;

Second:        That the Defendant received that money or property;

Third:          That the Defendant knew the money or property was stolen.

Fourth:        That the Defendant acted knowingly and willfully with intent to convert the money or property.[5]

---

[5] 1 Sand et al., *Modern Federal Jury Instructions, Criminal*, at ¶23A.02 (2006); 9th Cir. Man. Model Jury Instr. No. 8.32 (2003); *see also United States v. Stuart*, 22 F.3d 76 (3d Cir. 1994); *United States v. Trzcinski*, 553 F.2d 851 (3d Cir. 1976). The fifth element relating to the value of the money or property lost, has been omitted for the same reason noted previously in footnote 3.

# Government's Requested Jury Instruction No. 18.1

«Similar Acts Evidence (Rule 404(b), FRE)»

During the course of the trial, as you know from the instructions I gave you then, you heard evidence of acts of Ms. Lawson which may be similar to those charged in the Indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if Ms. Lawson committed the acts charged in the Indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that Ms. Lawson did commit the acts charged in the Indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine whether Ms. Lawson had the knowledge or intent necessary to commit the crime charged in the Indictment.  It may also be used to consider if she acted according to a plan.[6]

---

[6] 11th  Cir. Pat. Instr. Crim., Special Instr. No. 4 (Similar Acts Evidence (Rule 404(b), FRE)).

# Government's Requested Special Verdict Form

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CR. NO.  2:06-cr-173-MHT** |
| | ) | |
| **TANESHIA MICHELLE LAWSON** | ) | |
| | ) | |

## Special Verdict Form

1.     We, the Jury, find the Defendant Taneshia Michelle Lawson:

_____ Not Guilty
_____ Guilty

of Conspiracy as charged in Count One of the Indictment.

2.     We, the Jury, find the Defendant Taneshia Michelle Lawson:

_____ Not Guilty
_____ Guilty

of Theft of Government Property/Receipt of Stolen Government Property as charged in Count Two of the Indictment

3.     If you find the Defendant Not Guilty of both Counts 1 and 2, then do **not** answer this question.  If, however, you find the Defendant Guilty of either Count 1 **or** Count 2, then answer this additional question:

We, the Jury, find beyond a reasonable doubt that either (1) the amount money/property stolen, converted, or wrongfully received or (2) the amount of money/property agreed to be stolen, converted, or wrongfully received was:

\_\_\_\_\_ Greater than $1,000.

\_\_\_\_\_ $1,000 or less.

SO SAY WE ALL.

_____
                                    Foreperson

Date: _____