# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **CASE NO: 2:06-cr-173-MHT** |
| | ) | |
| **TANESHIA M. LAWSON** | ) | |

### DEFENDANT'S OBJECTION TO PROPOSED INSTRUCTIONS

**NOW COMES** the defendant, Taneshia Lawson, by and through undersigned counsel, and respectfully objects to Government's Requested Jury Instruction No. 13, "Deliberate Ignorance (as Proof of Knowledge);" Government's Requested Jury Instruction No. 18.1 ("Similar Acts"); and to the Government's Proposed Special Verdict form (D.E. 133, pp. 8 - 9).

The United States Court of Appeals for the Eleventh Circuit has held that an instruction on "deliberate ignorance" is only appropriate where there is evidence in the record that establishes that the defendant purposely contrived to avoid learning the truth. *United States v. Stone*, 9 F.3d 934, 937 (11th Cir. 1993), cert. denied, 513 U.S. 833 (1994). The Court has held that this instruction is not appropriate when the evidence in the record shows that the defendant had actual knowledge of the criminal conduct. *United States v. Aleman*, 728 F.2d 492, 494 (11th Cir. 1984); *United States v. Rivera*, 944 F.2d 1563, 1570 - 72 (11th Cir. 1991); *United States v. Perez-Tosta*, 36 F.3d 1552 (11th Cir. 1994). In this case, defendant expects the evidence to show actual knowledge; to show that there were no acts to avoid learning the truth; and to show that Ms. Lawson did not have the intent to conspire

and aid and abet others in their criminal conduct. A "deliberate ignorance" instruction will be inappropriate.

If this Court permits admission of the Government's proposed 404(b) evidence, then a limiting "similar acts" instruction should be given. However, as Ms. Lawson has argued elsewhere (D.E. 134, 135), the Government's proposed evidence does not support the purpose (similar intent) for which the Government has proposed its use. Extrinsic evidence for the purpose of showing "intent"is relevant only if the defendant had "the same state of mind in the perpetration of both the extrinsic and charged offenses." *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978). The intent at issue in this case is the specific intent to conspire and to aid and abet others in stealing and cashing three checks which were untouched by Ms. Lawson, along with a fourth check cashed by Ms. Lawson. The intent at issue in the proposed 404(b) evidence involves neither conspiracy nor aiding and abetting, and thus does not meet the *Beechum* or other 404(b) tests for admission.

The instruction proffered by the Government, though similar to the Eleventh Circuit Pattern Instruction, Special Instruction No. 4, is confusing and inappropriate. It fails to define the "intent" at issue and contains a vague and confusing reference to also considering whether Ms. Lawson "acted according to a plan." The instruction given in *Beechum*, 582 F.2d at 927, fn. 23, is more appropriate, but any limiting instruction should include a definition of the specific intent at issue in this case.

Defendant objects to the Special Verdict form because the alternative verdict stated

following paragraph 3 poses the wrong question. The question at issue in this trial is <u>not</u> what amount "was stolen" or was "agreed to be stolen . . . ." Instead, the disputed issue is what amount <u>Ms. Lawson</u> intentionally stole or intended to conspire to steal or aid and abet. In its present form, the Government's proposed Special Verdict asks the wrong question.

    Respectfully submitted,

    <u>**s/Christine A. Freeman**</u>
    **CHRISTINE A. FREEMAN**
    **TN BAR NO.: 11892**
    Attorney for Taneshia M. Lawson
    Federal Defenders
    Middle District of Alabama
    201 Monroe Street, Suite 407
    Montgomery, AL 36104
    TEL: (334) 834-2099
    FAX: (334) 834-0353
    E-Mail: Christine_Freeman@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Christopher Snyder, Assistant United States Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

                                              **s/Christine A. Freeman**
                                              **CHRISTINE A. FREEMAN**
                                              **TN BAR NO.: 11892**
                                              Attorney for Taneshia M. Lawson
                                              Federal Defenders
                                              Middle District of Alabama
                                              201 Monroe Street, Suite 407
                                              Montgomery, AL 36104
                                              TEL: (334) 834-2099
                                              FAX: (334) 834-0353
                                              E-Mail: Christine_Freeman@fd.org