**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **CASE NO: 2:06-cr-173-MHT** |
| | ) | |
| **TANESHIA M. LAWSON** | ) | |

<u>**DEFENDANT'S CONDITIONAL MOTION TO CONTINUE TRIAL**</u>

NOW COMES the Defendant, by and through undersigned counsel and pursuant to 18 U.S.C. 3161 (h)(8)(A), (B)(i) and (iv), and respectfully moves this Court to continue the trial of this action from the present trial date of November 6, 2006, until a later date, **if** the Court is inclined to admit the Government's proposed 404(b) evidence (D.E. 130).

In support of this Motion, the defendant would show:

1. Government counsel filed Notice of intent to present 404(b) evidence on November 3, 2006 (D.E. 130).

2. As separately described in Defendant's Motion in Limine to exclude such evidence (D.E. 134), the proffered evidence involves at least seven potential witnesses, conflicting identifications, videotapes, and possible additional evidence.

3. If the Court is inclined to admit the proffered evidence, defendant requires additional time to investigate and prepare a response to this evidence. As set forth in defendant's motion in limine, there is conflicting evidence available which may identify someone else as the actor in the described extrinsic offense, or even establish that the alleged

1

offense was not committed.

4.     Requests for a continuance are addressed to the sound discretion of the trial court. *United States v. Darby*, 744 F.2d 1508, 1521 (11th Cir. 1984), reh. denied 749 F.2d 733, cert. denied 471 U.S. 1100 (1985). A continuance in order to allow defense counsel "the reasonable time necessary for effective preparation" for trial is one of the factors considered significant by the federal Speedy Trial Act. *United States v, Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991); 18 U.S.C. 3161(h)(8)(B)(iv). The United States Court of Appeals for the Eleventh Circuit has repeatedly recognized that a continuance in order to provide adequate preparation by counsel serves the ends of justice. *See, e.g., United States v. Goetz*, 826 F.2d 1025, 1028 (11th Cir. 1987) (upholding, against speedy trial claim, a continuance of eighty days to allow new counsel to prepare for trial).

If the 404(b) evidence is admitted, additional investigation and preparation will be directly material to the presentation of a defense in this case and a denial of this motion will deny counsel for Ms. Lawson the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Failure to grant a continuance, to enable Ms. Lawson's counsel to investigate and gather relevant evidence, would be likely to result in a miscarriage of justice. Under these circumstances, the ends of justice served by taking such action will outweigh the best interest of the public and the defendant in a speedy trial.

WHEREFORE, Defendant prays that this Motion to Continue Trial be granted, if the Court is inclined to permit admission of the proffered 404(b) evidence.

Respectfully submitted,

**s/Christine A. Freeman**
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for Taneshia Lawson
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
E-Mail: Christine_Freeman@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> Christopher A. Snyder, Esquire
> Assistant United States Attorney
> One Court Square, Suite 201
> Montgomery, Alabama 36104

Respectfully submitted,

**s/Christine A. Freeman**
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for Taneshia Lawson
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
E-Mail: Christine_Freeman@fd.org