**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **CASE NO: 2:06-cr-173-MHT** |
| | ) | |
| **TANESHIA M. LAWSON** | ) | |

## DEFENDANT'S MOTION TO RECONSIDER

**NOW COMES** the defendant, Taneshia Lawson, by and through undersigned counsel, and respectfully moves the Court to reconsider its Order (D.E. 110), granting the Government's Motion in Limine to exclude psychiatric testimony concerning Ms. Lawson's mental retardation. (D.E. 87).

1. **The Court's opinion misapprehends the contested issue.**

On review of the Court's opinion, it appears that Ms. Lawson has not stated her theory of defense, and the admissibility of evidence of her mental retardation, with sufficient clarity. The Court's opinion characterizes Ms. Lawson's argument as "that, because of her mental retardation and other attendant mental difficulties, she did not at the time of the offense, have the specific intent required to steal government property or conspire to do so . . . ." or to "agree with others to steal a Social Security check, and then doing so." (D.E. 110, pp. 2, 14 - 15, 16, 19); 2006 WL 3075797, *4, 5.

However, this is not a proper description of either the charged offenses or Ms. Lawson's defense. Ms. Lawson is charged with conspiring with others to steal in excess of $1000 in government property, and with aiding and abetting others in multiple thefts of

government property in the total amount of $2,193. As separately stated in other pleadings, Ms. Lawson will not dispute that she personally cashed one Social Security check in the amount of $552 and that she was wrong to do so.

Rather, Ms. Lawson will argue that because of her mental retardation, she does not have the ability to understand abstract concepts, and therefore does not understand her own conduct as criminally conspiring or aiding and abetting others in other thefts, when she did not steal, pass, or receive proceeds from what the others took. Ms. Lawson will argue that Ms. Lawson is vulnerable to exploitation and mis-use by others. This will be shown by establishing Ms. Lawson's subaverage intellectual functioning, limited adaptive functioning, and inability to understand abstract concepts.

Because of her intellectual deficits, Ms. Lawson does not understand the abstract implication of actions that do not directly involve or reward her. She does not understand that riding with others to a pawn shop, watching others cash stolen checks at the pawn shop, and/or watching others divide up the proceeds from the cashed checks may evidence a conspiracy that she has joined with the others to steal four Social Security checks, or that she is aiding and abetting the others in stealing four Social Security checks.

Thus, because the Court's opinion and order may be based on a misapprehension of the defense raised by Ms. Lawson, defendant respectfully requests that it be reconsidered.

2

**2.    The expert proffered by Ms. Lawson will directly and specifically address the issue in dispute.**

The Government has argued, and this Court has found, that the psychological report prepared by Dr. Covin does "not support a legally acceptable theory of lack of *mens rea*." (D.E. 110, p. 15); 2006 WL 3075707 *4. The Court notes that the report "is all the parties have submitted as evidence" and is not "'adequately keyed'" to the specific intent issue in this case.

Defendant therefore offers this proffer of Dr. Covin's testimony: Dr. Covin's testimony will address the conclusion identified within his report, that (1) Ms. Lawson has limited intellectual functioning as demonstrated by her I.Q. and adaptive functioning; (2) this limited intellectual functioning restricts Ms. Lawson's ability to handle abstract concepts such as vicarious liability for the actions of others; and (3) this limited intellectual functioning restricts Ms. Lawson's perceptions and thinking to concrete facts, which prevent her from understanding or viewing herself as liable for the improper conduct of others.

Because the Court's opinion and order may be based on a misapprehension of the testimony proposed by Ms. Lawson, defendant respectfully requests that it be reconsidered.

**3.    Dr. Covin's report need not itself be admissible.**

Dr. Covin's report was prepared as an overall psychological evaluation of Ms. Lawson, and not as a statement of Ms. Lawson's defense theory. Rule 12.2(b) does not require that a defendant who intends to introduce expert testimony relating to a mental defect

3

bearing on guilty do anything more than provide notice of the intent to introduce such testimony. The Rule does not require disclosure of any report, until after an examination of the defendant by the government's expert. Rule 12.2(c). Even then, Rule 12.2(c) only requires that a defendant disclose "the results and reports of any examination on mental condition conducted by the defendant's expert's about which the defendant intends to introduce expert evidence." Defendant, by providing advance notice of the existing report of Dr. Covin, has given more information than the Rules required. Nothing under the Rules requires the defendant to be held to argue that the entire report is relevant.

Thus, even though his report went beyond this question, Dr. Covin's testimony will address the narrow and specific conclusion at issue in this case: whether Ms. Lawson's mental retardation and its attendant limitations prevented her from having the specific intent to commit the crimes of conspiracy and aiding and abetting charged in the indictment.

The Court cites a quotation by Dr. Covin of a statement by Ms. Lawson, as "completely defeat[ing] [Ms. Lawson's] *mens rea* defense theory." (D.E. 110, p. 16); 2006 WL 3075707 *4. Rule 12.2(c)(4) prohibits statements by a defendant in the course of an examination from being admitted into evidence against the defendant except on an issue regarding mental condition. Even if this statement was related to mental condition, the Court has misunderstood it: "The need for money was the cause of her cashing the **check**." As argued elsewhere in Ms. Lawson's pleadings, Ms. Lawson does not contest her intent and liability for cashing a single Social Security check. But she is charged with conspiring and

4

aiding and abetting others to cash multiple Social Security checks. Her statement did not admit an intent to cash <u>multiple</u> checks and does not refute the specific intent required for the offenses charged.

Because the Court's opinion and order may be based on a misapprehension of the significance of the report provided to the Government by Ms. Lawson, defendant respectfully requests that it be reconsidered.

> **4. Dr. Covin's testimony is relevant to the jury's consideration and weighing of the direct and circumstantial evidence on several different issues.**

As described in other pleadings filed by Ms. Lawson, Ms. Lawson's mental retardation is relevant to (1) the jury's determination of what inferences of intent may be drawn from Ms. Lawson's participation in any overt act; (2) the jury's assessment of whether a defendant charged with conspiracy has the charged "conspiratorial understanding and purpose. . . ." *United States v. Childress*, 58 F.3d 693, 728 - 730 (D.C. Cir. 1995); and to (3) the jury's determination of the accuracy and weight to be given to evidence of inculpatory statements alleged to have been made by Ms. Lawson.

Counsel is attempting to insure that Ms. Lawson's rights are fully protected and that the government, the Court, and the jurors are fully aware of the circumstances of the defendant.

**WHEREFORE**, the Defendant respectfully prays that this Court reconsider its earlier decision and permit Ms. Lawson to introduce of evidence of her long-standing mental

5

retardation and its impact on her intent to join the charged conspiracy or to commit and/or aid and abet the charged substantive offense.

        Respectfully submitted,

        **s/Christine A. Freeman**
        **CHRISTINE A. FREEMAN**
        **TN BAR NO.: 11892**
        Attorney for Taneshia M. Lawson
        Federal Defenders
        Middle District of Alabama
        201 Monroe Street, Suite 407
        Montgomery, AL 36104
        TEL: (334) 834-2099
        FAX: (334) 834-0353
        E-Mail: Christine_Freeman@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Christopher Snyder, Assistant United States Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

        **s/Christine A. Freeman**
        **CHRISTINE A. FREEMAN**
        **TN BAR NO.: 11892**
        Attorney for Taneshia M. Lawson
        Federal Defenders
        Middle District of Alabama
        201 Monroe Street, Suite 407
        Montgomery, AL 36104
        TEL: (334) 834-2099
        FAX: (334) 834-0353
        E-Mail: Christine_Freeman@fd.org