IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:06cr173-MHT |
| **TANESHIA MICHELLE LAWSON** | ) | (WO) |

**ORDER**

At a pretrial hearing on defendant Taneshia Michelle Lawson's motion for the court to reconsider its orders granting the government's motions in limine to exclude expert psychiatric testimony on Lawson's mental retardation, the court offered Lawson an opportunity to develop further her proposed expert testimony so that it would be adequately keyed to the purposes for which it was offered. To that end, defense counsel made an oral motion for a continuance. For the reasons set forth below, the court finds that a continuance is proper pursuant to 18 U.S.C. § 3161(h)(8).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

<u>Id</u>. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."   <u>Id</u>. § 3161(h)(8)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary

for effective preparation, taking into account the exercise of due diligence." Id. § 3161(h)(8)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Lawson in a speedy trial. Based on this court's recent rulings on the narrow scope of expert psychiatric evidence that is admissible in this case, counsel for Lawson is attempting to prepare such evidence so as to meet the court's specifications. The United States will then require additional time to conduct its own psychological examination of Lawson.

Accordingly, the court having found that a continuance of this case conforms with 18 U.S.C. § 3161(h)(8), it is ORDERED that:

(1) Defendant Taneshia Michelle Lawson's oral motion to continue is granted.

(2) Jury selection and trial are reset for February 5, 2007, at 10:00 a.m., in Courtroom 2FMJ of the Frank M.

3

Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 6th day of November, 2006.

                           /s/ Myron H. Thompson
                        UNITED STATES DISTRICT JUDGE