**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CASE NO: 2:06-cr-173-MHT |
| ) | |
| TANESHIA M. LAWSON ) | |

**DEFENDANT'S MOTION IN LIMINE REGARDING SYLVAN LEARNING
CENTER RECORDS AND CITATIONS OF AUTHORITY**

**COMES NOW** the defendant, Taneshia Lawson ("Ms. Lawson"), pursuant to Federal Rule of Criminal Procedure 16 and Federal rule of Civil Procedure 26, by and through undersigned counsel, and moves this Court to enter an Order prohibiting the introduction, at trial, of testimony of an expert at Sylvan Learning Center consulted by the defendant.

This motion is based on the following:

**Facts**

1. In preparation for the trial of this matter, defense counsel retained the services of Sylvan Learning Center ("Sylvan"), to test Ms. Lawson's reading comprehension. As a result, Sylvan administered reading tests, and some additional tests not requested by defense counsel, to Ms. Lawson. The results from these tests were provided to defense counsel.

2. Prior to receipt of the results, defense counsel disclosed to Government counsel that Sylvan had been retained. Following the receipt of the results of Sylvan's tests, defense counsel disclosed to the Government that the tests showed a particular elementary school reading level for Ms. Lawson.

3. It is defense counsel's recollection that defense counsel specifically informed Government counsel that the defense did not intend to call Sylvan personnel as witnesses at Ms. Lawson's trial. It is defense counsel's further belief that this occurred in the context of a request by the Government for the documents prepared by Sylvan.

4. Because the defense does not intend to call Sylvan personnel as witnesses, documents prepared by them have not been provided to the Government.

5. On the day on which evidence in this matter was scheduled to be presented before a jury, defense counsel encountered an employee of Sylvan in the court room where Ms. Lawson's trial was set to be heard. The employee stated that she and the documents she had regarding Ms. Lawson had been subpoenaed to trial.

6. Although the employee's statements indicated that she assumed defense counsel had subpoenaed her, the defendant, as noted above, had not subpoenaed any Sylvan employees. On information and belief, the employee appeared at trial in response to a subpoena from the Government.

7. On information and belief, the materials and information subpoenaed by the Government contain personal information about Ms. Lawson, accounts of confidential communications between Ms. Lawson and Sylvan personnel, and the materials were created at the request of Ms. Lawson's counsel in preparation for trial. Pursuant to Federal Rule of Criminal Procedure 16 and the attorney-client privilege, these materials are neither discoverable by the Government, nor subject to presentation in evidence by the Government.

## The Materials Prepared by the Sylvan Learning Center
## Are Protected by the Work Product Privilege

8.   "The attorney work product doctrine protects from disclosure materials prepared by an attorney acting for his client in anticipation of litigation." *In re Grand Jury Proceedings,* 601 F.2d 162, 171 (5th Cir. 1979)(citing *Hickman v. Taylor*, 329 U.S. 495 (1947)). "This doctrine is distinct from and broader than the attorney-client privilege."*Id.* (citing *United States v. Nobles*, 422 U.S. 225, 238 n11(1975); *Hickman v. Taylor*, 329 U.S. 495, 508 (1947)).

9.   The attorney work product doctrine has been codified in Fed. R. Civ. P. 26(b)(3) and Fed. R. Crim. P. 16(b)(2). Fed. R. Civ. P. 26(b)(3) provides:

> a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

10.   Fed. R. Crim. P. 16(b)(2) provides:

> Except for scientific or medical reports, Rule 16(b)(1) does not authorize discovery or inspection of:
> (A) reports, memoranda, or other documents made by the defendant, or the defendant's attorney or agent, during the case's investigation or defense; or

>    (B) a statement made to the defendant, or the defendant's attorney or agent, by:
>    
>    > (i) the defendant;
>    > (ii) a government or defense witness; or
>    > (iii) a prospective government or defense witness.

"In the context of a pending criminal prosecution, the [attorney work product] doctrine is even stricter, precluding discovery of documents made by a defendant's attorney or the attorney's agents except with respect to 'scientific or medical reports.'" *In re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002*, 318 F.3d 379, 383 (2nd Cir. 2003).

11.   "Although the work-product doctrine most frequently is asserted as a bar to discovery in civil litigation, its role in assuring the proper functioning of the criminal justice system is even more vital. The interests of society and the accused in obtaining a fair and accurate resolution of the question of guilt or innocence demand that adequate safeguards assure the thorough preparation and presentation of each side of the case." *United States v. Nobles*, 422 U.S. 225, 238 (1975):

> At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case. But the doctrine is an intensely practical one, grounded in the realities of litigation in our adversary system. **One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect material prepared by agents for the attorney** as well as those prepared by the attorney himself.

*Id.*, at 238-39.(emphasis added).

12.   In this case, undersigned counsel relied on the assistance of the personnel at

Sylvan for assessments and compilation of materials that undersigned counsel needed in preparation for Ms. Lawson's trial. Thus, Sylvan was acting as an agent of undersigned defense counsel. Statements made by Ms. Lawson to Sylvan employees are protected by the work product privilege. Opinions of Sylvan employees, based on these statements, are also protected work product of undersigned counsel.

13. The Eleventh Circuit in *In re Grand Jury Proceedings,* 601 F.2d 162, 171 (5th Cir. 1979) addressed whether financial analyses prepared by an accountant were protected by the attorney work product doctrine, where the analyses were sought for the specific purpose of assisting defense counsel with his assessment of his client's potential criminal liability. In finding that the analyses were protected by the work product doctrine, the Court explained:

> It was merely a circumstance that Sussman, as an accountant, was employed to prepare financial analyses to assist the lawyer in assessing [the client's] potential criminal liability. The work was needed by [the client's] lawyer, and it might have been done by the lawyer himself or by an employee in his office if either had the necessary skill and time. The information was evidently material to [the client's] defense. Under these circumstances, the financial analyses prepared by [the accountant] were protected by the attorney work product. *Id.*, at 171.

Likewise, in the instant case, the work completed by Sylvan might have been done by defense counsel or by an employee of defense counsel if the necessary skill and time had been available. However, in the absence of both, Sylvan was employed to complete the work needed by defense counsel. Just as in *In re Grand Jury Proceedings*, this Court should find that the reports, information, and materials compiled by Sylvan at the request of defense

counsel is undiscoverable pursuant to the work product privilege.

### The Materials Prepared by the Sylvan Learning Center Are Protected by the Attorney-Client Privilege

14. On information and belief, the materials the government intends to use contain both verbatim reports and interpretations of confidential communications made by Ms. Lawson to the Sylvan personnel for the purposes of Ms. Lawson's defense. These communications were made to Sylvan by Ms. Lawson at the behest of defense counsel after defense counsel employed the expertise of Sylvan in anticipation of the current litigation. As such, these communications are protected by the attorney-client privilege.

15. In *In re Grand Jury Subpoenas Dated March 24, 2003 Directed to (A) Grand Jury Witness Firm and (B) Grand Jury Witness*, 265 F.Supp.2d 321(S.D.N.Y.2003), a district court held that communications between an attorney and public relations consultants for the purpose of assisting the attorney in providing advice to the client on the handling of the client's legal problems were protected by the attorney client privilege. In reaching that holding, the Second Circuit, in reliance on it previous precedent in *United States v. Kovel*, 296 F.2d 918 (2d Cir. 1961), explained that the protection afforded by the attorney-client privilege extended to "communications that involve persons assisting the lawyer in the rendition of legal services." 265 F.Supp.2d at 325.

16. The court explained that the lawyers were in a situation in which they needed to seek outside help which, while not needed to help the lawyers understand and explain to the client the technicalities of the requirements of the law, was needed to assist the lawyers

in providing overall advice to the client. *Id.*, at 326. In such a situation, the court found that it was "common ground that the [attorney-client] privilege extend[ed] to communications involving consultants used by [the] lawyers to assist in performing tasks that [went] beyond advising [the] client as to the law." *Id.*

17.  "An attorney's duties do not begin inside the courtroom door. He or she cannot ignore the practical implications of a legal proceeding for the client." *Id.* "If the lawyer has directed the client, either in the specific case or generally, to tell his story in the first instance to an [individual] engaged by the lawyer, who is then to interpret it so that the lawyer may give better legal advice, communications by the client reasonably related to that purpose ought fall within the privilege." *Id.,* at 331.

18.  Defense counsel hired Sylvan and directed Ms. Lawson to communicate with and provide personal information about herself to the personnel at Sylvan. In doing so, defense counsel was seeking interpretations of the information Sylvan received from Ms. Lawson for the purpose of assisting defense counsel defend Ms. Lawson at trial. This purpose further included how defense counsel would continue to advise Ms. Lawson throughout her case. Therefore, the materials compiled by Sylvan are confidential communications between a client and an agent of the client's attorney. Thus, these materials are undiscoverable to the Government and may not be used by the Government.

**WHEREFORE**, the Defendant respectfully prays that this Motion be granted and respectfully moves this Court to prohibit the Government from obtaining this information or

using it at trial, whether through subpoena or otherwise.

    Respectfully submitted,

    **s/Christine A. Freeman**
    **CHRISTINE A. FREEMAN**
    **TN BAR NO.: 11892**
    Attorney for Taneshia M. Lawson
    Federal Defenders
    Middle District of Alabama
    201 Monroe Street, Suite 407
    Montgomery, AL 36104
    TEL:  (334) 834-2099
    FAX:  (334) 834-0353
    E-Mail: Christine_Freeman@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Christopher Snyder, Assistant United States Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

    **s/Christine A. Freeman**
    **CHRISTINE A. FREEMAN**
    **TN BAR NO.: 11892**
    Attorney for Taneshia M. Lawson
    Federal Defenders
    Middle District of Alabama
    201 Monroe Street, Suite 407
    Montgomery, AL 36104
    TEL:  (334) 834-2099
    FAX:  (334) 834-0353
    E-Mail: Christine_Freeman@fd.org