IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) <br> ) <br> ) |
| v. | )    CR. NO. 2:06-cr-173-MHT <br> ) |
| TANESHIA MICHELLE LAWSON | ) <br> ) <br> ) |

**United States's Supplemental Brief to Exclude Defendant's Expert Testimony**

As permitted under the Court's prior orders,[1] the United States supplements its prior pleadings[2] with two additional reasons why the testimony of defendant's expert, Dr. Theron Covin, must be excluded. First, Covin's testimony is not admissible under Fed. R. Evid. 702 and *Daubert*. Not only is Covin not qualified to render an opinion on the issues on which he wishes to opine, but also Covin's conclusions are invalid because he did not properly administer the tests on which he relies.

Second, even if *Daubert* were not an issue (which it is) Covin's testimony must be excluded because it is not adequately keyed to Lawson's specific intent at the time of the crime. In fact, Covin never even conducted a follow up interview of Lawson before he submitted his amended report. Covin's testimony must not be permitted at trial.

## I.   Covin's Testimony Must Be Excluded Under *Daubert*.

Covin's proffered testimony must be excluded because it does not meet the basic

---

[1] DEs 146 and 163.

[2] *Eg.*, DEs 87, 104.

requirements of Fed. R. Evid. 702 and *Daubert*.[3]

### A. Covin is Unqualified.

First, Covin is not qualified to render an opinion on the issues about which he would like to testify. To determine the admissibility of expert testimony, trial courts must first consider if "the expert is qualified to testify competently regarding the matters he intends to address."[4] Covin would like to give expert testimony relating to Lawson's specific intent at the time crime and her subsequent confession. Covin, however, is not competent to do so. Covin is neither a forensic psychologist or even a psychologist.

Instead, he is a licensed professional counselor in the state of Alabama. According to the Alabama state statute that regulates that profession,[5] while Covin is permitted to administer and interpret instruments designed to assess an individual's aptitudes, he is primarily trained to give counseling services.[6] Covin does not have the requisite knowledge and training to properly apply these tests to legal concepts like specific intent and *Miranda* waivers. In fact, a search of Westlaw reveals only one very old case in which he testified.[7] Likewise, his report itself gives the distinct impression that because of his lack of forensic experience, he has greatly oversimplified the complexities and intricacies of psychological and psychiatric evaluations. Because of his lack of experience

---

[3] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

[4] *United States v. Frazier,* 387 F.3d 1244, 1260 (11th Cir.2004).

[5] See Ala. Code § 34-8A-2(5)(b) (2002).

[6] *Id.* § 34-8A-2(5)(a).

[7] *Potts v. State*, 426 So.2d 886, 892 (Ala. Crim. App. 1982) (in that case Covin is identified as a "a staff psychologist")

in this area, Covin's testimony should not be admitted.

### B. Covin's Methodology Is Unsound.

Moreover, even if Covin were competent and qualified to render an opinion, Covin's testimony still must be excluded. His methodology is completely improper and unreliable. To be admissible "the methodology by which the expert reaches his conclusions [must also be] sufficiently reliable . . . ."[8] Psychology is a discipline that relies heavily on "instruments whose validity and reliability have been established for use with members of the population tested."[9] The validity of these tests is based upon established norms, which have been developed through testing the principles in a standardized manner on a population.[10] As a result, it is imperative for a test-giver to follow the established norms for test procedure in order to ensure the validity of the test results.[11]

Covin administered five tests to Lawson.[12] The majority of these tests, however, were conducted improperly. For example, the Instructions for the Use of the Bender Motor Gesalt Test clearly state that "sheets of plain white <u>unlined</u> paper 8 1/2" by 11" are used."[13] Covin, however, used ruled lined paper to administer the test,[14] which skews the

---

[8] *Frazier,* 387 F.3d at 1260.

[9] American Psychological Association, *Ethical Principles of Psychologists and Code of Conduct*, at §9.02(b), available at http://www.apa.org/ethics/code2002.html#9 (June 1, 2003).

[10] *See, e.g.*, *See* Ex. B at 11 (explaining the importance of standardized procedures for the WAIS-III test).

[11] *Id.*

[12] The raw data for all of the tests that Covin administered is located collectively at Exhibit A (attached).

[13] *See* Ex. B at 5-7.

[14] *See* Ex. A at 9.

results of the test.

Likewise, the Minnesota Multiphasic Personality Inventory-2 (MMPI) Manual advises that for uniform testing results, a standardized audio tape should be used, especially for persons who are confused or unable to follow normal instructions.[15] Because Covin, however, administered the test himself and Lawson would have benefitted from such audio instructions, it is likely that Lawson's actual MMPI score is not accurately reflected.

Finally, on the Wechsler Adult Intelligence Scale, Third Edition, which is an I.Q. test, the test clearly instructs the test-giver on how to administer and record responses to the vocabulary portion of the test.[16] Covin, however, failed to properly record Lawson's responses to the vocabulary section, thereby making it impossible to evaluate whether the test was accurately scored.[17] Because of these errors, the results for these tests cannot be considered sufficiently reliable, as *Daubert* requires. Covin's testimony must therefore be excluded.

## II. Covin's Testimony Is Unkeyed and Therefore Inadmissible.

Finally, even if Covin were somehow able to get over his *Daubert* hurdles, his testimony should still be excluded because it is not sufficiently keyed to Lawson's specific intent at the time of the offense or to her confession. In its prior orders, the Court was quite clear that in order to be admissible at trial Covin's testimony must be

---

[15] *See* Ex. B at 3.

[16] See Ex. B at 12-16.

[17] *See* Ex. A at 11.

"adequately keyed to the issue of whether [s]he entertained the mens rea required for proof of the crime."[18] Similarly, regarding the confession issue, the Court ordered the parties to present keyed to testimony relating to the confession and the circumstances surrounding the confession.[19]

In his amended report, however, Covin provides nothing more than additional vague generalities, similar to the ones that the Court was originally concerned with. Most notably, Covin never met with Lawson. Thus, it was virtually impossible for Covin to have properly inquired as to the specific circumstances surrounding Lawson's criminal conduct and subsequent confession. Covin's testimony should be excluded.

### III.  Conclusion

Covin is unqualified and his testimony is unreliable. Moreover, Covin's testimony does not in any way suggest that at the time of the crime Lawson lacked the specific intent necessary to commit the crimes charged because of some mental disease. Covin's testimony should be excluded from trial.

Respectfully submitted this 3rd day of January, 2006,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: christopher.a.snyder@usdoj.gov

---

[18] DE 110 at 18 (citing *United States v. Childress*, 58 F.3d 693, 729 (D.C. Cir. 1995) (per curiam)).

[19] DE 141 at 12.

CERTIFICATE OF SERVICE

      I hereby certify that on January 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Christine Freeman.

                                              /s/ Christopher Snyder
                                              CHRISTOPHER A. SNYDER
                                              Assistant United States Attorney