IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

**UNITED STATES OF AMERICA** )
)
v. ) CRIMINAL ACTION NO.
) 2:06cr173-MHT
**TANESHIA MICHELLE LAWSON** )

ORDER

At a pretrial hearing on various motions in limine filed by both parties, defense counsel made an oral motion for a continuance, followed by an unopposed written motion.  For the reasons set forth below, the court finds that jury selection and trial, now set for February 5, 2007, should be continued pursuant to 18 U.S.C. § 3161(h)(8).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court

is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

Id. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. § 3161(h)(8)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice," id. § 3161(h)(8)(B)(i), and whether the failure to grant the continuance "would deny counsel for the defendant ... the

reasonable time necessary for effective preparation, taking into account the exercise of due diligence," id. § 3161(h)(8)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and the defendant in a speedy trial. Defense counsel has represented to the court that Lawson is due to give birth just before her trial is set to begin. In that event, Lawson's appearance at her own trial might be impossible for health reasons, which would impact her Sixth Amendment right to be present at her own trial. Even if Lawson's physical presence were not impossible, a medical event as significant as childbirth would make it unduly burdensome, if not impossible, for Lawson to assist counsel in the preparation of her defense to the extent contemplated by the Sixth Amendment.

Accordingly, the court having found that a continuance of this case conforms with 18 U.S.C. § 3161(h)(8), it is ORDERED as follows:

(1) Defendant Taneshia Michelle Lawson's motion to continue trial (doc. no. 184) is granted.

(2) Jury selection is reset for March 12, 2007, at 10:00 a.m., before the Hon. Mark E. Fuller, in Courtroom 2A of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama, followed by trial on March 19, 2007, at 9:00 a.m., before the Hon. Myron H. Thompson, in Courtroom 2FMJ.

DONE, this the 8th day of January, 2006.

                                          /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**