IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:06cr173-MHT |
| | ) | (WO) |
| **TANESHIA MICHELLE LAWSON** | ) | |

OPINION

This <u>sua sponte</u> memorandum is issued to explain my decision against recusal based on my private representation, approximately 30 years ago, of a client who has now become an expert witness in the criminal case at bar, in which defendant Taneshia Michelle Lawson is charged with theft of government property and conspiracy to commit theft of government property.

In preparing for a hearing on Lawson's motion to reconsider this court's earlier orders granting the government's motions to exclude psychiatric testimony regarding Lawson's diminished mental capacity, <u>United</u>

States v. Lawson, ___ F.Supp.2d ____, 2006 WL 3206268 (M.D. Ala. 2006) (Thompson, J.); United States v. Lawson, ___ F.Supp.2d ____, 2006 WL 3075707 (M.D. Ala. 2006) (Thompson, J.), I realized that the defense's expert witness on Lawson's mental condition, Theron Covin, was my client in employment-related litigation sometime before I took the bench in 1980. Further inquiry directed to defense counsel revealed that Covin remembers my representing him on two occasions: once in a lawsuit he filed against Troy State University in 1975 or 1976, and once again shortly thereafter in a matter concerning a contract dispute that did not reach the litigation stage. I immediately disclosed these facts in an on-the-record conference call on January 4, 2007, and neither party objected to my continuing to preside over the case. Nonetheless, I asked the parties to look into the matter and provide further briefing, if appropriate, by January 8. Having received said briefings (doc. nos. 189 & 190), wherein the parties remain in agreement that there is no

basis for recusal, and having conducted my own research regarding the issue, I conclude that recusal is not warranted.

Two federal statutes govern judicial disqualification due to conflicts of interest, bias, and the like. One statute, 28 U.S.C. § 144, operates only when "a party ... makes and files a timely and sufficient affidavit" alleging personal bias or prejudice. Since no such affidavit has been filed in this case, § 144 does not apply.

The second statute, 28 U.S.C. § 455, "places a judge under a self-enforcement obligation to recuse himself where the proper legal grounds exist." United States v. Alabama, 828 F.2d 1532, 1540 (11th Cir. 1987). That statute enumerates several specific bright-line grounds for disqualification, 28 U.S.C. § 455(b),[1] and also

---

1. A judge shall recuse himself in the following circumstances:

> "(1) Where he has a personal bias or prejudice concerning a party, or
> (continued...)

1.  (...continued)
    personal knowledge of disputed evidentiary facts concerning the proceeding;

    "(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

    "(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

    "(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

    "(5) He or his spouse, or a person within the third degree of relationship
                                            (continued...)

contains a more general catch-all provision requiring a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," id. § 455(a).  This case does not involve any of the specific circumstances enumerated in § 455(b), so I must answer the more general question, under § 455(a), of whether my attorney-client relationship with Covin, which ended

---

1. (...continued)
    to either of them, or the spouse of such a person:

    (i) Is a party to the proceeding, or an officer, director, or trustee of a party;

    (ii) Is acting as a lawyer in the proceeding;

    (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

    (iv) Is to the judge's knowledge likely to be a material witness in the proceeding."

28 U.S.C. § 455(b).

approximately 30 years ago, might cause my partiality in this proceeding to be reasonably questioned.

The standard under § 455(a) is an objective reasonableness test, specifically, "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal [would be based] would entertain a significant doubt about the judge's impartiality."  Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988).  The purpose of § 455 is to "foster impartiality by requiring even its appearance." Chitimacha Tribe of Louisiana v. Harry L. Laws Co., 690 F.2d 1157, 1165 (5th Cir. 1982).

The case law surrounding 455(a) is generally in agreement that a judge's impartiality would not be reasonably questioned simply because the judge's former client now appears as a witness in an unrelated matter over which the judge is presiding.  See David v. City and County of Denver, 101 F.3d 1344, 1350-51 (10th Cir. 1996) (recusal not required based on trial judge's

6

representation of police chief more than 20 years before he appeared before judge as witness in unrelated lawsuit); <u>Alexander v. Chicago Park District</u>, 773 F.2d 850, 856-57 (7th Cir. 1985) (judge represented witness 25 years ago); <u>M.K. Metals, Inc. v. National Steel Corp.</u>, 593 F.Supp. 991, 994 (N.D. Ill. 1984) (Shadur, J.) (principal of company judge represented over four years ago called as witness); <u>see also</u> <u>Chitimacha Tribe</u>, 690 F.2d at 1166 (judge represented party in unrelated matter at least six years ago). Based on these cases, plus the fact that approximately 30 years have elapsed since I represented Covin, I am confident that my prior association with Covin would not lead an objective, disinterested, lay observer to entertain a significant doubt about my impartiality.

In addition to the federal disqualification statutes, I have also consulted ethics rules on recusal. According to the Judicial Conference Committee on Codes of Conduct:

> "If a former client of the judge is a <u>party</u>, but the litigation is totally

>     unrelated to the earlier representation,
>     whether recusal is required depends upon
>     such factors as the length of time since
>     the earlier representation ended; the
>     nature, duration, and intensity of the
>     earlier representation; the presence or
>     absence of ongoing personal
>     relationships; etc."

Judicial Conference Committee on Codes of Conduct, Compendium of Selected Opinions § 3.6-5(b) (2005) (emphasis added).[2]

Although Covin is a witness in this case, and not a party, I must assume that similar factors should be considered. Here, the litigation is of course totally unrelated to my representation of Covin before I assumed the bench; it has been approximately 30 years since I represented him; my representation of Covin was relatively brief and routine; and I do not have, nor have I ever had, any personal association with Covin outside of our lawyer-client relationship which ended decades

---

   2. The Compendium of Selected Opinions is volume II, chapter 5 of the Administrative Office of the United States Courts' Guide to Judiciary Policies and Procedures.

8

ago. Therefore, I conclude that I am not prohibited by the Code of Conduct for United States Judges from hearing a case in which Covin is an expert witness.[3]

Accordingly, despite my having once represented a witness, my recusal is not warranted in this case.

DONE, this the 9th day of January, 2007.

                                                  /s/ Myron H. Thompson
                                       UNITED STATES DISTRICT JUDGE

---

3. Defense counsel agreed for Lawson to waive the so-called conflict on the record. Because the so-called conflict is clearly meritless, I no longer think that is necessary.